69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Odie WADFORD, Plaintiff-Appellant,
v.
David WALTERS and Larry Fields, Defendants-Appellees.
 No. 95-6102
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 On June 8, 1994, Appellant Odie Wadford, a state prisoner appearing pro se, filed this action pursuant to 42 U.S.C.1983, alleging violations of his constitutional rights. The complaint named as defendants Larry Fields, Director of the Oklahoma Department of Corrections, and David Walters, then the Governor of Oklahoma. Wadford asserts that he mailed service papers to both defendants via regular mail.
 
 
 3
 When defendants failed to respond to his complaint, Wadford filed a motion for default judgment against them on September 7, 1994. He also filed his affidavit that he had placed service papers for each defendant in a prison mailbox on June 24, 1994. The motion was referred to a magistrate judge, who made a report and recommendation that the motion be denied. The magistrate found that there was no evidence in the record establishing proper service, as the record contained neither proof of service nor waiver thereof. He noted that although Wadford asserted that he had mailed service papers, there was no indication in the record whether service was attempted via regular or certified mail.
 
 
 4
 Wadford timely objected to the magistrate judge's report, and enclosed a copy of the prison's legal log which indicated that letters were mailed to the defendants on June 27, 1994. The district court found that this submission was insufficient to meet the issue of defective service raised by the magistrate, and adopted the magistrate's report and recommendation in its entirety. In an order dated November 3, 1994, the court granted Wadford sixty additional days in which to effectuate proper service, or his complaint would be dismissed.
 
 
 5
 Wadford did not attempt service, but petitioned the district court for rehearing. The defendants entered a special appearance for purposes of responding to the petition and earlier order. Governor Walters claimed that he received the complaint on or about June 13, 1994, but did not receive a summons or other pleading requiring a response. Defendant Fields asserted that he received the complaint on June 30, 1994 as well as a summons addressed to and issued for Defendant Walters. Fields claimed that he did not receive a summons issued against him, and that neither he nor any other Department of Corrections official was authorized to receive any summons on behalf of Defendant Walters. Wadford responded that if Walters and Fields had received copies of the complaint, they necessarily received service since all service papers were put into the same envelopes.
 
 
 6
 The matter was again referred to the magistrate judge, who entered a report and recommendation on January 25, 1995 finding that there had not been valid service of process. He noted that neither Oklahoma law nor Rule 4 provides for valid service by regular mail,[2] absent an attempt by a plaintiff to obtain waiver of service from a defendant. Wadford did not seek waiver of service. The magistrate therefore advised that the court did not have personal jurisdiction over Walters or Fields, and that although the defendants had actual notice of the lawsuit, such notice is not a sufficient substitute for proper service.
 
 
 7
 The district court adopted the report and recommendation, and in accordance with its earlier order dismissed Wadford's claims for failure to effectuate proper service. Wadford filed this appeal.
 
 
 8
 We have reviewed the record, and AFFIRM the district court's dismissal of Wadford's claims for substantially the reasons set forth in the magistrate's report dated January 25, 1995. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Oklahoma statutes allow for service by mail, but it must be by certified mail, return receipt requested and with delivery restricted to the addressee. Okla. Stat. tit. 12, 2004(c)(2)(B)